IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ROBERT CARROLL,

          Plaintiff,

v.                                          CIVIL ACTION NO. 3:16-11120

USAA SAVINGS BANK,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Partial Motion to Dismiss (ECF No. 12). Defendant argues that the Court should dismiss Counts III, V, VI, and VII of Plaintiff's Third Amended Complaint for failure to state a claim pursuant to Federal Rule 12(b)(6). *See Def.'s Mem. of Law in Supp.*, ECF No. 13, at 1. For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss.

    **I.**    **Background**

This case involves the efforts used by Defendant to collect upon an alleged debt. In the Third Amended Complaint, Plaintiff alleges that he fell into arrears upon the debt owed to Defendant. *Pl.'s Third Am. Compl.*, ECF No. 10, at ¶ 5. Defendant allegedly called and wrote to Plaintiff in attempts to collect upon the debt. *Id.* In November of 2013, Plaintiff retained legal counsel regarding this matter. *Id.* at ¶ 6. Approximately one month later, one of Defendant's employees called Plaintiff, and Plaintiff allegedly informed the employee of his legal representation. *Id.* at 7. During that phone call, Plaintiff provided Defendant with Plaintiff's attorney's name and telephone number. *Id.*

Plaintiff alleges that Defendant continued to call Plaintiff about the debt after learning about the attorney representation. *Id.* at ¶ 8. The complaint specifies that Defendant made at least forty-one phone calls to Plaintiff between December 2013 and February 2014 after notice was provided on Plaintiff's legal representation. *Id.* at ¶ 10. Defendant allegedly has records that detail each of these phone calls, including the time called, duration of the call, and the employee whom placed the call. *Id.* at ¶ 9.

Plaintiff filed suit in the Circuit Court of Cabell County on February 11, 2016. *See Pl.'s Compl.*, ECF No. 1-1. Plaintiff filed a Second Amended Complaint in state court in November of 2016. *Id.* Defendant timely removed the action to this Court on November 18, 2016. *See Def.'s Notice of Removal*, ECF No. 1. The Third Amended Complaint alleges seven separate causes of action: (I) violation of the West Virginia Consumer Credit and Protection Act (WVCCPA); (II) violation of the West Virginia Computer Crimes and Abuse Act; (III) violation of the Telephone Harassment Statute; (IV) violation of the Telephone Consumer Protection Act; (V) negligent supervision; (VI) negligent infliction of emotional distress (NIED); and (VII) invasion of privacy. *Pl.'s Third Am. Compl.*, ECF No. 10. For these actions, Plaintiff claims actual and statutory damages, general and punitive damages, and attorneys' fees and costs. Defendant's Motion to Dismiss challenges the legal basis for Counts III, V, VI, and VII.

## II.     Legal Standard

Federal Rule 8(a) requires a complaint to include "a short and plain statement of the claim … showing entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2). To overcome a motion to dismiss under Federal Rule 12(b)(6), a complaint must also be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." *Id.* at 555 (internal quotations and citations omitted). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level …." *Twombly*, 550 U.S. at 555 (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotations and citations omitted). Finally, "[a]lthough for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

### III. Discussion

Defendant moves for the Court to dismiss Counts III, V, VI, and VII as a matter of law for failure to state a claim pursuant to Federal Rule 12(b)(6).

#### a. Count III: Telephone Harassment Statute

Plaintiff's third cause of action brings a claim for a violation of the Telephone Harassment Statute. *Pl.'s Third Am. Compl.*, ECF No. 10, at ¶¶ 22-25. The Telephone Harassment Statute makes it unlawful for a person to "[m]ake or cause the telephone of another repeatedly or continuously to ring, with intent to harass any person at the called number." W. Va. Code § 61-

8-16(a)(3).  The WVCCPA contains similar language, creating a civil violation for "[c]alling any person … at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number."  W. Va. Code § 46A-2-125(d).  The case law is clear that a plaintiff has no private civil right of action under the Telephone Harassment Statute, a criminal statute, because the state legislature created the WVCCPA to account for civil litigation.  *See Snuffer v. Great Lakes Educ. Loan Servs., Inc.*, 97 F. Supp. 3d 827, 832-33 (S.D.W. Va. 2015); *Bailey v. Chase Bank USA, N.A.*, Civ. No. 3:10-0176, 2010 WL 4867963, at *5 (S.D.W. Va. Nov. 22, 2010).

This Court has previously determined that the legislature did not intend for the Telephone Harassment Statute to serve as a mechanism to bring a civil right of action.  *See Parkins-White v. World's Foremost Bank*, No. 2:10-cv-00137, 2010 WL 1404384 (S.D.W. Va. Mar. 31, 2010).  In *Parkins-White*, the Court conducted an analysis of the factors set out in *Hurley v. Allied Chemical Corp.*, 262 S.E.2d 757, 758 (W. Va. 1980), to determine whether a civil cause of action joins with a criminal statute.  *Id.* at *4.  The Court held that "it is clear that West Virginia did not intend for Section 61-8-16 to provide a civil cause of action, and recognizing such a cause of action would be inconsistent with the underlying purposes of the legislative scheme."  *Id.*

As Plaintiff does not contest this Court's previous dismissal of claims brought under the Telephone Harassment Statute, the Court will not repeat the detailed analysis here.  Rather, Plaintiff's only argument to save Count III from a motion to dismiss is that Defendant has yet to admit that it acts as a creditor and that Plaintiff acts as a consumer to make the WVCCPA applicable.  *Pl.'s Resp.*, ECF No. 16, at 2.  The Court finds such admission irrelevant.  Whether Plaintiff has a successful WVCCPA claim against Defendant does not change the inapplicability of the Telephone Harassment Statute to a civil case.  The West Virginia legislature intentionally

created a separate civil mechanism for plaintiffs to bring suit against defendants issuing harassing phone calls. A claim asserting a violation of this criminal statute that punishes the same conduct fails as a matter of law. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss for Count III.

### b. Count V: Negligent Supervision

In Count V, Plaintiff alleges that "Defendant failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the WVCCPA." *Pl.'s Third Am. Compl.*, ECF No. 10, at ¶ 28. Defendant challenges this claim because the complaint fails to allege negligence by any of Defendant's employees and, thus, cannot sustain a negligent supervision claim. *See Def.'s Mem. of Law in Supp.*, ECF No. 13, at 7.

West Virginia does not recognize a claim for negligent training or supervision without an underlying claim for employee negligence. *See Heslep v. Ams. for African Adoption, Inc.*, 890 F. Supp. 2d 671, 687 (N.D.W. Va. 2012); *Taylor v. Cabell Huntington Hosp., Inc.*, 538 S.E.2d 719, 725 (W. Va. 2000). If a complaint fails to identify an employee's negligent act, the claim for negligent training or supervision should be dismissed as a matter of law. *See Taylor*, 538 S.E.2d at 725 ("While the appellant may be able to show that the hospital breached its duty to supervise [the nurse], absent a showing of negligence by [the nurse], the appellant is unable to show that the hospital's negligence proximately caused her injury."). A plaintiff must "first make an underlying showing of a negligence claim as to an employee, and then demonstrate that the employee was negligently trained or supervised." *Biser v. Mfrs. & Traders Tr. Co.*, No. 5:15-cv-15761, 2016 WL 5661390, at *8 (S.D.W. Va. Sept. 29, 2016).

Here, Plaintiff alleges that Defendant had a duty to supervise and train its employees, and that Defendant's failure to do so caused Plaintiff's emotional distress. *Pl.'s Third Am. Compl.*,

ECF No. 10, at ¶¶ 27-30. Absent from the complaint, however, are separate allegations of Defendant's employees' negligence. Plaintiff argues that the complaint contains allegations of employee negligence when stating that various employees called Plaintiff after learning about the attorney representation. *Pl.'s Resp.*, ECF No. 16, at 3. The Court, however, has reviewed the Third Amended Complaint and finds that Plaintiff inadequately pleaded negligence pertaining to any of Defendant's employees. An adequate claim for negligence requires pleading duty, breach of duty, causation, and injury. *See Webb v. Brown & Williamson Tobacco Co.*, 2 S.E.2d 898, 899 (W. Va. 1939). Plaintiff alleges actions taken with the intent to harass and annoy Plaintiff rather than any negligent conduct. *See Heslep*, 890 F. Supp. 2d at 687 (finding allegations of intentional fraud not enough to plead underlying negligence); *see also Selders v. MegaCorp Logistics LLC*, No. 2:14-cv-60, 2014 WL 12638026, at *1 (N.D.W. Va. Dec. 22, 2014) (dismissing negligent supervision claim when underlying acts were intentional). As Plaintiff alleges only intentional conduct by Defendant's employees, Plaintiff fails to assert underlying negligence in the complaint.[1] Without allegations of underlying employee negligence, a separate claim for negligent supervision fails as a matter of law, and Defendant's Motion to Dismiss on Count V must be **GRANTED**.

    c. **Count VI: NIED**

Plaintiff's claim in Count VI alleges NIED caused by the harassing phone calls. The Court has addressed why an NIED claim could not be sustained for debt collection practices absent physical injury in *Baldwin v. Wells Fargo Fin. Nat'l Bank*, Civ. No. 3:16-4841, 2017 WL 63026

---

[1] The only negligent conduct within the complaint falls in Count VI for NIED. As later discussed, Plaintiff's NIED claim fails to state a claim and, therefore, is not considered in this discussion.

(S.D.W. Va. Jan. 5, 2017). The Court directs the parties to that decision for a more detailed analysis but will summarize briefly why the instant case justifies the same result.

Like the plaintiff in *Baldwin*, Plaintiff asserts that Defendant's actions of negligently placing telephone calls after having notice of attorney representation caused Plaintiff emotional distress. *Pl.'s Third Am. Compl.*, ECF No. 10, at ¶¶ 32-35. According to Plaintiff, placing forty-one phone calls in violation of the WVCCPA is extreme and outrageous conduct that exceeds societal expectations of decent behavior. *Pl.'s Resp.*, ECF No. 16, at 4. However, Plaintiff suffers the same deficiencies as the plaintiff did in *Baldwin*. None of the allegations contained in the complaint justify a bystander theory or one of the other limited expansions of NIED recovery taken by West Virginia courts. *See Brown v. City of Fairmont*, 655 S.E.2d 563, 569 (W. Va. 2007) (NIED "must be premised on conduct that unreasonably endangers the plaintiff's physical safety or causes the plaintiff to fear for his or her physical safety" (citation omitted)); *Marlin v. Bill Rich Constr., Inc.*, 482 S.E.2d 620 (W. Va. 1996) (exposure to disease); *Ricotilli v, Summersville Mem'l Hosp.*, 425 S.E.2d 629 (W. Va. 1992) (dead body exception); *Heldreth v. Marrs*, 425 S.E.2d 157 (W. Va. 1992) (bystander theory). The cases Plaintiff cites as support for the NIED claim recognize only the limited expansion involving fear of physical harm and the dead body exception. *See Pl.'s Resp.*, ECF No. 16, at 4 (citing *Ricotilli* and *Marlin*). Damages for emotional distress are rarely awarded when claims allege a defendant's negligence without resulting physical injury. *See Harless v. First Nat'l Bank in Fairmont*, 289 S.E.2d 692, 702 (W. Va. 1982). NIED claims remain "narrowly drawn" by West Virginia courts, and the Court finds no reason to broadly expand its coverage here. *Baldwin*, 2017 WL 63026, at *4 (citation omitted). Moreover, Plaintiff alleges intentional conduct rather than negligent conduct, which further demonstrates why the NIED claim must fail. *See Pl.'s Third Am. Compl.*, ECF No. 10, at ¶ 32;

*Pl.'s Resp.*, ECF No. 16, at 4 (noting willful violations with intent to harass). Therefore, Plaintiff's allegations fail to state a claim for NIED as a matter of law, and the Court **GRANTS** Defendant's Motion to Dismiss for Count VI.

### d. Count VII: Invasion of Privacy

Plaintiff's seventh cause of action alleges an invasion of privacy. West Virginia recognizes invasion of privacy claims for four areas: "(1) an unreasonable intrusion upon the seclusion of another; (2) an appropriation of another's name or likeness; (3) unreasonable publicity given to another's private life; and (4) publicity that unreasonably places another in false light before the public." *Crump v. Beckley Newspapers, Inc.*, 320 S.E.2d 70, 85 (W. Va. 1985). Here, Plaintiff does not identify the specific invasion of privacy theory, so the Court construes the claim to be brought under the unreasonable intrusion upon the seclusion of another. An "[u]nreasonable intrusion upon another's seclusion occurs when '[o]ne … intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, … if the intrusion would be highly offensive to a reasonable person.'" *Harbolt v. Steel of West Virginia, Inc.*, 640 F. Supp. 2d 803, 817 (S.D.W. Va. 2009) (quoting Rest. (Second) of Torts § 652B (1977)); *see also Snuffer*, 97 F. Supp. 3d at 835 ("Courts in West Virginia have generally adopted the Restatement (Second) of Torts § 652B for claims of intrusion upon seclusion.").

In *Baldwin*, this Court also discussed whether an invasion of privacy claim can survive a motion to dismiss when a debtor calls a creditor numerous times after being told of attorney representation. *See Baldwin*, 2017 WL 63026, at *4. Plaintiff's allegations parallel the plaintiff's allegations in *Baldwin* with additional details that at least forty-one calls were made after Defendant allegedly had notice of counsel. *See Pl.'s Third Am. Compl.*, ECF No. 10, at ¶¶ 10, 37-40. These phone calls purportedly caused emotional distress by annoyance,

inconvenience, harassment, anger, and indignation. *Id.* at ¶ 40. At the motion to dismiss stage, the Court only looks to whether Plaintiff sufficiently pleaded facts to maintain a cause of action. *See Rabel v. Huntington Nat'l Bank*, No. 2:14-cv-25818, 2015 WL 3540660, at *15 (S.D.W. Va. June 4, 2015) (allowing invasion of privacy to survive motion to dismiss); *Elkins v. Diversified Collection Servs., Inc.*, No. 5:13-cv-00927, 2013 WL 3754830, at *7 (S.D.W. Va. July 15, 2013) (same); *Wrenn v. Bank of America Home Loans, LP*, No. 5:12-cv-01169, 2013 WL 369611, at *6 (S.D.W. Va. Jan. 30, 2013) (same). Comment b(5) in the Restatement provides an example that harassing phone calls can support an invasion of privacy for intrusion upon another's seclusion. *See* Restatement (Second) of Torts § 652B, Comment b(5) (1977). Therefore, the Court finds that Plaintiff's allegations for invasion of privacy survive the plausibility standards of a motion to dismiss, and the Court **DENIES** Defendant's Motion to Dismiss for Count VII.

## IV.     Conclusion

Accordingly, the Court finds that Plaintiff has sufficiently pleaded facts to support the claim for invasion of privacy in Count VII. However, the Court finds that Plaintiff cannot maintain a claim under the Telephone Harassment Statute, negligent supervision, or NIED as a matter of law. Therefore, the Court **DISMISSES** Counts III, V, and VI from this action. Defendant's Partial Motion to Dismiss (ECF No. 12) is, thus, **GRANTED IN PART AND DENIED IN PART**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:     March 1, 2017

ROBERT C. CHAMBERS, CHIEF JUDGE